IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

NICHOLE CARRAU, as parent and natural guardian of,
LC, a minor,
    Plaintiff,

Case No.: _____

Vs.

RIPLEY ENTERTAINMENT INC.,
    Defendant.
_____/

## COMPLAINT

NICHOLE CARRAU, as parent and natural guardian of, LC, a minor, Plaintiff herein, through her undersigned attorney, files this Complaint against RIPLEY ENTERTAINMENT INC., Defendant herein, and alleges:

### JURISDICTIONAL STATEMENT

1. Plaintiff, NICHOLE CARRAU, as parent and natural guardian of, LC, a minor (Ms. "Carrau,") an individual, resides in ORANGE County, Florida.

2. RIPLEY ENTERTAINMENT INC. ("Ripley Entertainment"), is a foreign corporation, registered to do business in Florida, and which does business in ORANGE County, Florida.

3. Because this complaint seeks *inter alia* injunctive relief, this Court has jurisdiction in accordance with Section 26.012 of the Florida Statutes.

### VENUE

4. Venue in ORANGE County, Florida is proper in this action under Section 47.051 of the Florida Statutes because the allegedly discriminatory acts giving rise to this action occurred in this county, and Ripley Entertainment maintains an office for transaction of its customary business in this county.

## FACTS IN SUPPORT OF CLAIMS

5. On or around April 9, 2021, Ms. Carrau contacted Ripley Entertainment's Ripley's Believe It or Not! Orlando museum ("Ripley's Orlando") to plan a visit for LC and his siblings to Ripley's Orlando to celebrate LC's birthday.

6. At that time, Ms. Carrau requested from Ripley's Orlando management a public accommodation or modification of policy related to Ripley's Orlando's policy that all patrons wear face coverings within Ripley's Orlando.

7. Ms. Carrau advised Ripley's Orlando management that LC suffers from disabilities including Sensory Processing Disorder and anxiety, which make wearing face-coverings and face shields impossible for LC.

8. Ms. Carrau also advised Ripley's Orlando management that she and her other children would wear face coverings consistent with Ripley's Orlando policies.

9. Despite the request for a reasonable accommodation or modification to the policy, Ripley's Orlando refused LC access to Ripley's Orlando without LC wearing a face covering or face shield, advising Ms. Carrau that corporate policy permits no exceptions for disability or otherwise.

10. On or around the same day, Ms. Carrau spoke with corporate representative for Ripley Entertainment, who advised Ms. Carrau that LC would not be provided an accommodation or reasonable modification to the face covering policy, reiterating no exceptions are provided for persons suffering from disabilities or otherwise.

11. On or around April 27, 2021, Ms. Carrau sent correspondence by certified mail to Jim Pattison, Jr., Ripley Entertainment's President, demanding corrective action related to Ripley Entertainment's failure to provide an accommodation to LC or make a reasonable modification to

its face covering policy.

12. Ms. Carrau never received a response to her April 27, 2021 correspondence.

13. Under Title III of the ADA, public accommodations are prohibited from discriminating against individuals with disabilities. 42 U.S.C. § 12182(a).

14. Title III of the ADA and DOJ regulations define a "place of public accommodation" as a facility operated by a private entity whose operations affect commerce and fall within one of the enumerated statutory categories.

15. Ripley's Orlando is a place of public accommodation and falls within one or more of those categories. *See e.g.*, 42 U.S.C. § 12181(7)(H) ("a museum, library, gallery, or other place of public display or collection"); 28 C.F.R. § 36.104.

16. LC suffers disabilities within the meaning of the ADA. Specifically, LC has been diagnosed with Sensory Processing Disorder, and LC suffers anxiety.

17. In general, public accommodations must provide accessible facilities, make reasonable modifications to policies, procedures and practices to accommodate individuals with disabilities when required, and effectively communicate with individuals with disabilities. 28 C.F.R. § 36.302(a).

18. Ripley Entertainment failed to make an accommodation or make a reasonable modification to its face covering policy when it refused to permit LC access to Ripley's Orlando without LC wearing a face covering.

19. Because of Ripley Entertainment's failure to make an accommodation or reasonable modification to its face covering policy, Ripley Entertainment effectively discriminated against LC because of his disabilities.

20. Ripley Entertainment's discrimination has caused LC damages.

21. Ms. Carrau is entitled to bring this action pursuant to 28 C.F.R. § 36.501.

22. Ms. Carrau, in the event she prevails in this action, is entitled to recovery of her reasonable attorney's fees and costs from Ripley Entertainment consistent with 28 C.F.R. § 36.505.

23. Ripley Entertainment's conduct is ongoing, and, given that Ripley Entertainment has not complied with the ADA's requirements that public accommodations provide accessible facilities and make reasonable modifications to policies, procedures and practices to accommodate individuals with disabilities when required, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

24. Without the requested injunctive relief, Ripley Entertainment's non-compliance with the ADA's requirements is likely to recur.

25. Plaintiff does not have an adequate remedy at law.

26. Plaintiff will suffer irreparable injury but for the equitable relief requested herein.

27. Plaintiff has a clear legal right to a permanent injunction, and entry of an injunction will not be contrary to the public interest.

28. Plaintiff, for purposes of declaratory relief, is uncertain as to Ripley Orlando's duty to make a reasonable accommodation or modification of its face covering policy at issue in the litigation.

**WHEREFORE**, Plaintiff prays for:

a. A Declaratory Judgment that Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action to accommodate or provide a reasonable modification to its face covering policy to LC upon request;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to modify its face covering policy, so that Ripley's Orlando is fully accessible to persons whose disabilities prevent the use of face coverings;

c. An award to Plaintiff for the costs of suit and payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505;

d. An award of general damages to Plaintiff to compensate for LC's damages caused by Defendant's discrimination, and

e. The provision of whatever other relief the Court deems just, equitable and appropriate.

KEITH P. ARAGO
Florida Bar Number 100508
Arago Law Firm, PLLC
230 E. Monument Ave. Suite A
Kissimmee, FL 34741
Phone: (407) 344-1185
Fax: (407) 350-3985
E-Mail: keitharago@aragolaw.com