UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NICHOLE CARRAU,

      Plaintiff,

v.                                  Case No.: 6:21-cv-01314-PGB-LRH

RIPLEY ENTERTAINMENT, INC.,
a corporation,

      Defendant.
_____/

**DEFENDANT, RIPLEY ENTERTAINMENT, INC.'S,
MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR
IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

    Defendant, Ripley Entertainment, Inc. ("Ripley"), pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) , hereby moves to dismiss Plaintiff, Nichole Carrau's ("Plaintiff") Complaint (Doc. 4), or in the alternative Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 12(d),  and in support states:

**Basis for Request**

    Plaintiff, as parent and natural guardian of LC, a minor, purports to allege a cause of action for declaratory and injunctive relief against

1

Ripley under Title III of the Americans with Disabilities Act ("ADA") (Doc. 4.) Because Plaintiff has not—and cannot—sufficiently allege that Plaintiff will be affected by the allegedly unlawful conduct in the future, and Plaintiff's claim has been rendered moot, and because Plaintiff fails to state a claim for which relief can be granted, the Complaint against Ripley should be dismissed with prejudice.

## **Legal Standard**

Federal Rule 12(b)(1) provides that a court may dismiss a complaint for "lack of subject-matter jurisdiction." Over the years, the United States Supreme Court has "established that the irreducible constitutional minimum of standing contains three elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not 'conjectural' or 'hypothetical'." *Id.* (internal citations omitted). Second, there must be a causal connection between the injury and the conduct complained of— the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Id.* (internal citations omitted). Third, it must

be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id.* (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 43 (1976)).

"In ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (citing *Proctor v. Prince George's Hosp. Ctr.*, 32 F. Supp.2d 830 (D. Md.1998); *Hoepfl v. Barlow*, 906 F. Supp. 317 (E.D. Va.1995); *Aikins v. St. Helena Hosp.*, 843 F. Supp. 1329 (N.D. Cal.1994)). On a motion to dismiss for lack of standing, a court must evaluate standing based on the facts alleged in the complaint, and may not "speculate concerning the existence of standing or piece together support for the plaintiff." *Cone Corp. v. Fla. Dept. of Transp.*, 921 F.2d 1190, 1210 (11th Cir. 1991) (citation omitted).

"In assessing the propriety of a motion for dismissal under Fed.R.Civ.P. 12(b)(1), a district court is not limited to an inquiry into undisputed facts; it may hear conflicting evidence and decide for itself the factual issues that determine jurisdiction." *Harty v. N. Lauderdale Supermarket, Inc.*, 2015 WL 4638590, at *2(S.D. Fla. Aug. 4, 2015)

(quoting *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991)). "As such, 'when a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1), the district court is free to independently weigh facts, and 'may proceed as it never could under Rule 12(b)(6) or Fed.R.Civ.P. 56.'" *Id.* (quoting *Turcios v. Delicias Hispanas Corp.*, 275 Fed.Appx. 879, 880 (11th Cir. 2008)).

Federal Rule 12(b)(6) provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." A "plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Layton v. Percepta, LLC*, 2018 WL 8581981, *1 (M.D. Fla. March 23, 2018) (citations omitted). Rather, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citations omitted.). "The complaint's factual allegations must be enough to raise a right of relief above the speculative level and cross the line from conceivable to plausible." *Layton*, 2018 WL 8581981 at *1 (citations and punctuation omitted). Courts are not required to accept legal conclusions as true. *Ashcroft*, 556 U.S. at 678.

**Argument and Memorandum of Law**

Plaintiff has not—and cannot—sufficiently allege a threat of future injury attributable to Ripley and the Complaint against Ripley should be dismissed accordingly. In order to establish standing under Article III, a plaintiff must adequately allege and ultimately prove three elements: (1) that he or she has suffered an "injury-in-fact"; (2) a causal connection between the asserted injury-in-fact and the challenged conduct of the defendant; and (3) that the injury likely will be redressed by a favorable decision. *Shotz*, 256 F.3d at 1081 (citing *Lujan*, 504 U.S. at 560-61). "In addition, 'because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges ... a real and immediate-as opposed to a merely conjectural or hypothetical-threat of future injury.'" *Id.* (quoting *Wooden v. Bd. of Regents of U. System of Georgia*, 247 F.3d 1262, 1284 (11th Cir.2001)).

Plaintiff alleges that on or around April 9, 2021, she contacted Ripley to plan a visit to Ripley's Believe It or Not! in Orlando, Florida (the "Museum") for LC and his siblings to celebrate LC's birthday, and requested that Ripley grant a reasonable accommodation or modification of its face covering policy. (Doc. 4, ¶¶ 5-6.) Plaintiff alleges she advised

5

Ripley that LC suffers from disabilities including Sensory Processing Disorder and anxiety and that these disabilities make wearing face coverings and face shields "impossible for LC." (*Id.* at ¶ 7.) Plaintiff alleges she advised Ripley that she and her other children would wear face coverings consistent with Ripley's policy. (*Id.* at ¶ 8.) Plaintiff further alleges that despite her request for a reasonable accommodation or modification to Ripley's face covering policy, Ripley refused LC access to Ripley without LC wearing a face covering or face shield. (*Id.* at ¶ 9.) Plaintiff also baldly alleges, with no support whatsoever, that "[w]ithout the requested injunctive relief, Ripley Entertainment's non-compliance with the ADA's requirements is likely to recur." (*Id.* at ¶ 24.)

As an initial matter, it should be noted that Plaintiff does not allege she has ever visited Ripley (with LC or otherwise) in the past, in connection with the allegations of her complaint, or that she has plans to visit Ripley in the future. Plaintiff merely alleges she "contacted" Ripley to request an accommodation or modification of Ripley's face mask policy. (Doc. 4, ¶¶ 5-6.)

Since January 2020, the respiratory disease known as "COVID-19," caused by a novel coronavirus (SARS-COV-2), has spread globally,

including cases reported in all fifty states within the United States, plus the District of Columbia and U.S. territories. As of August 20, 2021, there have been more than 200 million cases of COVID-19 globally, including the recently diagnosed Delta variant, resulting in over 4,500,000 deaths.[1] Over 38,000,000 cases have been identified in the United States, with new cases reported daily, and over 630,000 U.S. deaths have been attributed to the disease.[2]

Against this backdrop, in June 2020 Ripley instituted a policy requiring museum visitors to wear face coverings, in accordance with guidance issued by the Centers for Disease Control ("CDC"). In April 2021, when Plaintiff alleges she contacted Ripley, the CDC guidance recommended that face masks be worn any time one was in a public setting and when around people one did not live with.[3] Accordingly, Ripley's policy as of April 9, 2021, required every guest to wear a mask.[4]

---

[1] *COVID-19 Dashboard by the Center for Systems Science and Engineering (CSSE) at Johns Hopkins University (JHU)*, Johns Hopkins Coronavirus Resource Center, https://coronavirus.jhu.edu/map.html (last updated August 20, 2021).
[2] *COVID Data Tracker*, Centers for Disease Control and Prevention, https://covid.cdc.gov/covid-datatracker/#datatracker-home (last updated August 20, 2021).
[3] *See Guidance for Wearing Masks*, Centers for Disease Control and Prevention, https://web.archive.org/web/20210418231626/https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/cloth-face-cover-guidance.html (last updated April 6, 2021).
[4] *See Safety Notice*, Ripley's Believe it or Not Orlando, a true and correct copy of which is attached hereto as Exhibit "A."

Ripley's policy, however, advised potential visitors unable to wear a mask due to disability to speak with a manager regarding reasonable accommodations. *See* Ex. A. Plaintiff acknowledges that due to LC's disability, Ripley offered to modify its face mask requirement and reasonably accommodate LC by allowing LC to wear a face shield in lieu of a face mask. (Doc. 4, ¶ 9.)

Plaintiff does not allege she made any attempts to contact or visit Ripley after April 2021. If she had, she would have learned that as of June 4, 2021, Ripley, in accordance with updated guidance from the CDC, now encourages, but does not require face coverings to be worn by visitors to its museum.[5] [6] [7] "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dept. of Health and Rehab. Services*, 225 F.3d 1208, 1216–17 (11th Cir. 2000) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "Put another way, 'a case is moot when it no longer presents a live controversy with

---

[5] *Safety Notice*, Ripley's Believe it or Not Orlando, https://www.ripleys.com/orlando/safety-notice/ (last visited August 20, 2021).
[6] *See Guidance for Wearing Masks*, Centers for Disease Control and Prevention, https://web.archive.org/web/20210420005658/https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/cloth-face-cover-guidance.html (last updated April 20, 2021).
[7] See Declaration of Shana Golden, attached hereto as Exhibit "B."

8

respect to which the court can give meaningful relief." *Id.* (quoting *Ethredge v. Hail,* 996 F.2d 1173, 1175 (11th Cir.1993)). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed. *Harty.* 2015 WL 4638590, at *3 (quoting *Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.*, 382 F.3d 1276, 1282 (11th Cir. 2004). Plaintiff's claim is moot and must be dismissed for lack of standing because Ripley's safety policy no longer requires visitors to the Ripley Museum to wear any sort of face covering, but merely encourages visitors to do so.

Plaintiff's Complaint should be dismissed with prejudice because any amendment would be futile – Ripley no longer requires visitors to wear face coverings regardless of any disability. "Leave to amend ... need not be granted where amendment would be futile." *Day v. Trump*, 2021 WL 3269242, at *4 (M.D. Fla. July 30, 2021) (quoting *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000)). Dismissal with prejudice is also proper here because Plaintiff also lacks standing to pursue her claims in state court for similar reasons.[8]

---

[8] *See Hall v. Southcreek Homeowners Assn., Inc.*, 238 So. 3d 878, 879–80 (Fla. 5th DCA 2018) (quoting

9

## Conclusion

For the reasons set forth above, Plaintiff has failed to sufficiently allege standing or a state a claim for which relief can be granted, and Plaintiff's Complaint should be dismissed with prejudice.

## Local Rule 3.01(g) Certification

The undersigned hereby certifies that counsel for Ripley, Stephen T. Ball, conferred with counsel for Plaintiff, Keith P. Arago via teleconference in a good faith effort to resolve the issues raised herein on September 7, 2021, and Plaintiff opposes with the relief sought herein.

Respectfully submitted this 7th day of September, 2021,

                                                 */s/ Stephen T. Ball*
                                                 Stephen T. Ball
                                                 Florida Bar No. 716121
                                                 stephen.ball@hklaw.com
                                                 Daniel J. Kavanaugh
                                                 Florida Bar No. 123580

---

*Santa Rosa Cty. v. Admin. Comm'n, Div. of Admin. Hearings*, 661 So.2d 1190, 1193 (Fla. 1995)) ("Florida courts will not render, in the form of a declaratory judgment, what amounts to an advisory opinion at the instance of parties who show merely the possibility of legal injury on the basis of a hypothetical 'state of facts which have not arisen' and are only 'contingent, uncertain, and rest in the future.'"); *City of Coral Springs v. Fla. Nat. Properties, Inc.*, 340 So. 2d 1271, 1272 (Fla. 4th DCA 1976) ("By its very nature an injunction will lie only to restrain the commission of a future injury, since it is impossible to prevent what has already occurred.).

>daniel.kavanaugh@hklaw.com
>HOLLAND & KNIGHT LLP
>200 South Orange Avenue,
>Suite 2600
>Post Office Box 1526 (Zip 32802)
>Orlando, Florida 32801
>Telephone: 407-425-8500
>
>*Trial Counsel for Defendant,*
>*Ripley Entertainment, Inc.*

## Certificate of Service

**I HEREBY CERTIFY** that on this 7th day of September, 2021, I electronically filed the foregoing with the CM/ECF system which will serve it on all counsel of record via electronic mail.

>*/s/ Stephen T. Ball*
>Stephen T. Ball
>Florida Bar No. 716121

# EXHIBIT A



# NOTICE

*Please be aware that you are entering private property and we reserve the right to refuse service. Based on current CDC guidelines, our policy is that every guest should wear a mask. If you are unable to wear a mask due to disability, please ask to speak with a manager regarding reasonable accommodations.*

*Thank you for protecting our team members and other guests.*

# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NICHOLE CARRAU,

       Plaintiff,

v.    Case No.: 6:21-cv-01314-PGB-LRH

RIPLEY ENTERTAINMENT, INC.,
a corporation,

       Defendant.
_____/

**DECLARATION OF SHANA GOLDEN IN SUPPORT
OF DEFENDANT, RIPLEY ENTERTAINMENT, INC.'S,
MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR
<u>IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT</u>**

1. Pursuant to 28 U.S.C. § 1746, I, Shana Golden, hereby declare:

2. I am over the age of 18, and I am competent to make this declaration. I have personal knowledge of the facts stated in this declaration and, if sworn as a witness, could and would testify competently thereto.

3. At all times relevant to this litigation, I have been employed by Ripley Entertainment, Inc. ("Ripley") as a Litigation Paralegal.

1

4. Due to precautions made necessary by the COVID-19 pandemic, in June 2020 Ripley instituted a policy at Ripley's Believe It or Not! in Orlando, Florida (the "Museum"), which required visitors to wear face coverings, in accordance with guidance issued by the Centers for Disease Control ("CDC").

5. On June 4, 2021, Ripley, in accordance with updated guidance from the CDC, changed its policy to encourage, but not require, visitors to wear face coverings, regardless of vaccination status or disability.

6. Notwithstanding the CDC's revised guidance, Ripley intends to encourage, but not require, visitors to wear face coverings while visiting the Museum until COVID-19 precautions are no longer necessary. However, Ripley reserves the right to make modifications to its current face covering policy if government regulations, CDC guidance, or public health circumstances change in such a manner as to require additional changes be made.

[SIGNATURE PAGE FOLLOWS]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this 7th day of September, 2021, in Orlando, Florida.

_____
Shana Golden

3